UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 14-22774-GAYLES/TURNOFF

ARVAT CORPORATION,

 Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

 Defendant.
_____/

## ORDER

  This cause came before the Court on Defendant Scottsdale Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion") [ECF No. 19]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons stated below, the Court DENIES the Motion.

## BACKGROUND

I. The Loss

  On December 23, 2010, Plaintiff Arvat Corporation ("Plaintiff") reported a water pipe leak to its insurer, Defendant Scottsdale Insurance Company ("Defendant"). Over the course of the next eighteen months, Defendant retained multiple adjusters and engineers to inspect the alleged damage to the property. Defendant's adjusters opined that deterioration of the cast iron main plumbing line caused a portion of the damage. On April 30, 2014, Defendant sent Plaintiff notice of its claim decision, addressing "the damages that are not covered by the policy, the damages that are covered by the policy or which payment is being made, and the grounds for Scottsdale's continued reservation of its rights with respect to this claim." [ECF No. 27-1].

Defendant paid Plaintiff $24,356.51, representing its adjusters' estimate of "the necessary repairs for all *covered damages*" less the policy deductible. *Id.* (emphasis added). Defendant denied coverage for the damages its adjusters found were caused by wear and tear and/or deterioration.

## II. The Policy

Plaintiff's insurance policy provides some coverage for water damage, as defined by the policy, but excludes coverage for damages caused by (1) wear and tear, (2) long-term decay and deterioration of building materials; and (3) settling, cracking, shrinking or expansion of building materials. In addition, the policy contains an appraisal provision, which provides:

> 2. Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.  Pay its chosen appraiser; and
>
> b.  Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

[ECF No. 19-1].

## III. The Litigation

On June 3, 2014, Plaintiff filed its Petition for Declaratory Relief and/or to Compel Appraisal in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On July 28, 2014, Defendant removed the action to this Court. On July 15, 2015, Defendant moved for summary judgment, arguing that Plaintiff cannot force an appraisal when coverage has been denied.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clarks, Inc.*, 929 F.3d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## **DISCUSSION**

Defendant asserts that appraisal is inappropriate because it has already denied coverage for a portion of Plaintiff's claim. Plaintiff contends that the policy mandates appraisal because there is a dispute over the amount of the loss.

"The law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss found to be covered under the policy is subject to appraisal if so provided in the insurance policy." *State Farm Florida Ins. Co. v. Hernandez*, 172 So.3d 473, 476 (Fla. 3d DCA 2015). Accordingly, Courts have held that when an insurer disputes coverage, as opposed to the amount of loss, appraisal is not appropriate. *See Id.* (trial court erred in compelling appraisal where the insured failed to comply with post-loss obligations).

In this action, Defendant has admitted that there is a covered loss for some of the damage. In fact, Defendant paid Plaintiff $24,356.51. However, the parties dispute the amount of loss attributable to water damage (a covered cause) and that attributable to wear, tear, and/or deterioration (an excluded cause). Accordingly, this is a dispute over the *amount* of covered losses. An appraiser is in the best position to determine a fair value for the covered damage. Indeed, an appraisal clause requires "an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." *State Farm Fire and Casualty Co. v. Licea*, 685 So.2d 1285, 1288 (Fla. 1996).

After the appraiser makes a determination as to the amount of loss attributable to each cause, Defendant may still challenge coverage. "[T]he submission of [a] claim to appraisal does

not foreclose . . . challenging an element of loss as not being covered by the policy." *Liberty American Ins. Co. v. Kennedy*, 890 So.2d 539, 541-42 (Fla. 2d DCA 2005) (noting the "dichotomy between the issue of coverage and the issue of valuation of a covered loss …"). *See also Florida Insurance Guaranty Association, Inc. v. Olympus Association, Inc.*, 34 So.3d 791, 794 (Fla. 4th DCA 2010); *Sands on the Ocean Condominium Association, Inc. v. QBE Insurance Corp.*, No. 05-14362-CIV, 2009 WL 790120, at *2 (S.D. Fla. Mar. 24, 2009).

Defendant cites several cases for the proposition that when an insurer completely denies coverage, it cannot be compelled to an appraisal. *See e.g. Hernandez,* 172 So.3d at 476 (appraisal not mandated when insurer completely denied coverage due to insured's failure to comply with post-loss obligations); *Citizens Prop. Ins. Corp. v. Mango Hill # 6 Condo Ass'n*, 117 So.3d 1226, 1227 (Fla. 2013) (same); *Citizens Prop. Ins. Corp. v. Michigan Condominium Ass'n*, 46 So. 3d 177 (Fla. 4th DCA 2010) (appraisal not mandated when insurer completely denied coverage for the whole loss); *Johnson v. Nationwide Mutual Ins. Co.*, 828 So.2d 1021, 1025 (Fla. 2002) (same). However, in each of these cases, the insurer completely denied coverage before the request for appraisal. In this action, Defendant has not completely denied coverage for Plaintiff's damages. Indeed, Defendant paid Plaintiff for "the necessary repairs for all covered damages." [ECF No. 27-1]. This is not akin to the facts of *Johnson*, where the insured claimed a covered peril caused the entire loss, while Nationwide claimed an excluded peril caused the *entire* loss and denied the *entire* claim. Based on the *Johnson* facts, the Florida Supreme Court agreed with the logic of Judge Cope from the Florida Third District Court of Appeal:

> Very simply, the *Licea* court was saying that when the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for "a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes.
>
> Thus in the *Licea* situation, if the homeowners insurance policy provides coverage for windstorm damage to the roof, but does not provide coverage for dry rot, the appraisers are to inspect the roof and arrive at a fair value for the windstorm damage, while excluding payment for the repairs required by preexisting dry rot.
>
> In the present case (unlike *Licea)* State Farm says that there is no coverage for the claim whatsoever, while the homeowners say that the claim falls within an applicable coverage. Whether the claim is covered by the policy is a judicial question, not a question for the appraisers.

*Johnson*, 828 So.2d at 1025 (citing *Gonzalez v. State Farm Fire & Casualty Co.*, 805 So.2d 814, 816-17 (Fla. 3d DCA 2000). This case is akin to *Licea*. Defendant acknowledges that a covered peril caused part of the damage to Plaintiff's property. Defendant only disputes the amount of damage caused by the covered peril as opposed to wear, tear, and/or deterioration. Pursuant to the policy, an appraiser can resolve this dispute. The Court may later, if necessary, resolve coverage issues based on the appraiser's findings regarding the amount and causes of the loss.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 19] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that the Petition for Declaratory Relief and/or to Compel Appraisal [ECF No. 1] is **GRANTED.** The parties shall proceed to appraisal. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of October, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE