UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-22774-GAYLES/Turnoff

ARVAT CORPORATION,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Determination of Entitlement to Reasonable Attorney's Fees and Costs. (ECF No. 44). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida. (ECF No. 47). A hearing on this matter was held on April 6, 2016. (ECF No. 51). The Court has reviewed the written and oral arguments, the record, the applicable law, and is otherwise duly advised in the premises.

### Background

On December 23, 2010, Plaintiff Arvat Corporation made a claim for benefits, under a property insurance policy issued by Defendant Scottsdale Insurance Company, pertaining to a water pipe leak that occurred on December 22, 2010. Defendant acknowledged notice of the loss, opened a claim, and adjusted same. After several months of inspections, Defendant's adjusters opined that deterioration of the cast iron main plumbing line caused a portion of the claimed damage. On April 30, 2014, Defendant sent Plaintiff notice of its claim decision. Defendant paid damages that were

covered under the policy but denied that portion of the claim attributable to wear and tear as not being covered under the policy. Defendant included a check in the amount of $24,356.51 for the covered damages.

On June 3, 2014, Plaintiff commenced an action for declaratory relief (Count I), and to compel appraisal (Count II), in the Circuit Court for the Eleventh Circuit in and for Miami-Dade County, Florida. Plaintiff sought attorney's fees pursuant to Fla. Stat. § 627.428 and/or § 626.9373. The case was removed to federal court on July 28, 2014. (ECF No. 1).

On July 30, 2014, Defendant moved to strike from the complaint all references to Chapter 627 of the Florida Statutes, including the demand for attorney's fees pursuant to Fla. Stat. § 627.428.[1] (ECF No. 5). Defendant argued that, as a surplus lines insurer, the provisions of Chapter 627 were inapplicable to it by operation of § 626.913(4).[2] On January 5, 2015, Judge Gayles entered

---

[1] 627.428 Attorney's fee.—

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney's fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.

(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

[2] 626.913 Surplus Lines Law; short title; purposes.—

(1) Sections 626.913-626.937 constitute and may be referred to as the "Surplus Lines Law."

(2) It is declared that the purposes of the Surplus Lines Law are to provide orderly access for the

an endorsed order granting the motion to strike by default due to Plaintiff's failure to timely respond. (ECF No. 7). Thus, the attorney's fee request pursuant to § 627.428 was stricken.

As a surplus lines insurer, Defendant would be subject to § 626.9373, which provision is nearly identical to the attorney's fees provision found in § 627.428. Fla. Stat. § 626.9373 (nearly verbatim language as § 627.428, with the only difference being applicability to "surplus lines insurer").[3]

On July 15, 2015, Defendant moved for summary judgment arguing that Plaintiff could not force an appraisal where coverage had been denied. (ECF No. 41). Plaintiff contended that the policy mandated appraisal because there was no dispute as to coverage but rather over the amount of the loss. (ECF No. 27). On October 28, 2015, the Court denied summary judgment finding that the

insuring public of this state to insurers not authorized to transact insurance in this state, through only qualified, licensed, and supervised surplus lines agents resident in this state, for insurance coverages and to the extent thereof not procurable from authorized insurers; to protect such authorized insurers, who under the laws of this state must meet certain standards as to policy forms and rates, from unwarranted competition by unauthorized insurers who, in the absence of this law, would not be subject to similar requirements; and for other purposes as set forth in this Surplus Lines Law.

(3) This section, and this Surplus Lines Law, do not apply as to insurance coverages which are subject to s. 626.938.

(4) Except as may be specifically stated to apply to surplus lines insurers, the provisions of chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913-626.937, the Surplus Lines Law.

[3]Because they are virtually the same, whether the fees are predicated upon Florida Statute § 626.9373 or § 627.428 is a distinction without a difference. These two fee-shifting statutes are applied using the same analytical framework and require an award of fees to the prevailing insured in coverage matters. Courts in this District have applied the two attorney's fees provisions as "nearly identical." See, e.g., Lumpuy v. Scottsdale Ins. Co., No. 8:11–cv–2455, 2015 WL 1708875 *3 n.2 (M.D. Fla. Apr. 15, 2015) (applying a § 627.428 case to one involving § 626.9373 noting the two statutes are "nearly identical," but applying the latter to surplus line insurance carriers); Rowland v. Scottsdale Ins. Co., No. 8:11-cv-2774, 2012 WL 882552, *3 (M.D. Fla. Mar. 15, 2012) (applying holdings in § 627.428 cases to analysis of § 626.9373).

Page 3 of 9

dispute was not over coverage but over the amount of covered losses attributable to water damage, as opposed to wear, tear, and/or deterioration. (ECF No. 42). At that time, the case was administratively closed, as the parties were proceeding with the appraisal process.

Plaintiff then moved for a limited reopening of the case for the purpose of determining entitlement to reasonable attorney's fees and costs (ECF No. 43), and filed the instant Motion for Attorney's Fees and Costs. (ECF No. 44). Defendant filed a response arguing that the fee motion should be denied for various reasons, including but not limited to untimely filing, failure to comply with local rules, and prematurity because judgment had not been entered in Plaintiff's favor. (ECF No. 45). In an endorsed order, Judge Gayles denied the motion to reopen the administratively closed case (ECF No. 46), but referred the fee motion to the undersigned. (ECF No. 47). [4]

## Fee Motion

Plaintiff seeks attorney's fees and costs in the total amount of $49,786.03, pursuant to Fed. R. Civ. P. 54(d), Fla. Stat. § 626.9373, and Fla. Stat. § 57.041. (ECF No. 44). In support, Plaintiff submitted the Amended Affidavit of Plaintiff's counsel, Kenneth R. Duboff, as well as its retainer agreement, and documents supporting costs. In response, Defendant raised procedural and substantive arguments that Plaintiff was not entitled to attorney's fees and costs.

First, Defendant argued that, previously, the Court had stricken the demand for attorney's fees pursuant to Fla. Stat. § 627.428. (ECF No. 7). However, as noted, Plaintiff's fee request was

---

[4]Because the court's jurisdiction turns upon dismissal rather than whether a case is designated as open or closed, the court is not required to reopen the case to acquire jurisdiction over the instant fee motion. Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); NCC Bus. Services, Inc. v. Lemberg & Associates, LLC, 3:13-CV-795-J-39MCR, 2015 WL 5553773, at *2 (M.D. Fla. 2015).

brought only pursuant to § 626.9373. Therefore, this argument is moot. Moreover, Plaintiff argued

that, as the prevailing party, it was entitled to legal costs, pursuant to Fla. Stat. § 57.041.[5]

Defendant argued that Plaintiff's fee motion was procedurally barred. Specifically, Defendant

argued that: (a) Plaintiff's fee motion was untimely filed beyond the 14 days after the entry of

judgment, as provided by Fed. R. Civ. P. 54(d)(2)(B);[6] and (b) Plaintiff did not comply with multiple

aspects of Local Rule 7.3 of the Local Rules of the United States District Court for the Southern

District of Florida.

First, Plaintiff's motion was timely filed under Rule 54(d)(2)(B). Rule 54(d)(2)(B) provides,

in relevant part, that "[u]nless a statute or a court order provides otherwise, the motion must (I) be

filed no later than 14 days after the entry of judgment." Local Rule 7.3(a) provides that "[a] motion

---

[5]57.041 Costs; recovery from losing party.—

(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.

(2) Costs may be collected by execution on the judgment or order assessing costs.

[6]Fed. R. Civ. P. 54(d)(2)(B):

Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order . . . shall: (1) be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." Therefore, as provided in Rule 54(d)(2)(B), Local Rule 7.3(a) governs timeliness of the instant motion. In order to be timely, Plaintiff must have filed the motion within 60 days of the entry of final judgment or order giving rise to the claim for attorney's fees. The Order denying summary judgment and ordering the parties to proceed to appraisal, which gave rise to the fee claim, was entered on October 28, 2015. (ECF No. 41). The instant motion was filed on December 24, 2015. (ECF No. 44). Thus, Plaintiff adhered to Local Rule 7.3 and Fed. R. Civ. P. 54 in timely filing the motion.

Second, Defendant argued that Plaintiff failed to comply with the requirements of Local Rule 7.3. Local Rule 7.3(a)(5)(A) states that a motion for an award of attorney's fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall "provide: (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought." Plaintiff adequately fulfilled this requirement as evidenced in Exhibit C, Attachment No. 3 in the documentation supporting the fee motion. Verification and/or detailed information above what Plaintiff included in the supporting affidavit is not required under Local Rule 7.3(a)(5).

Third, Plaintiff complied with the requirements of Local Rule 7.3(a)(5)(C), which requires the motion to "provide . . . (C) a description of the tasks done during [the hours reasonably expended by each timekeeper for whom fees are sought]." Plaintiff fulfilled this requirement as evidenced by the information in Exhibit C, Attachment No. 3. Verified or detailed information above what Plaintiff included in its supporting documentation is not required under Local Rule 7.3(a)(5)(C).

Fourth, Plaintiff complied with the requirements of Local Rule 7.3(a)(7), which states that a motion for an award of attorney's fees and/or non-taxable expenses and costs shall "be verified." Defendant conceded that Plaintiff's motion contained a statement indicating that the motion was verified, but argued that the motion was not signed or notarized. Plaintiff did sign the motion. Local Rule 7.3(a)(7) does not require that the signature be executed in the presence of a notary public. Therefore, Plaintiff is in compliance with Local Rule 7.3(a)(7).

Next, Defendant argued that the number of hours requested by Plaintiff was not reasonable and that the requested hourly rates were excessive. Plaintiff attached a time sheet adequately describing and listing the activities performed by Plaintiff's attorneys. Plaintiff also provided a description of the reasonable hourly rates for each attorney, including the year in which the attorney was admitted to the Florida Bar. Local Rule 7.3 does not require more. In light of same, Plaintiff's hours and hourly rates were neither excessive nor unreasonable.

Defendant was correct in asserting that Plaintiff did not fully comply with the requirements of Local Rule 7.3(a)(6). Local Rule 7.3(a)(6) states that a motion for an award of attorney's fees and/or non-taxable expenses or costs shall "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920." As Defendant noted, Plaintiff's motion does not document with invoices several claimed expenses, namely, expenses for Plaintiff's hotel and rental car on June 19, 2015, and the mediation invoice in the amount of $600.00. Plaintiff's motion for costs should be reduced by a total of $1,676.03 to reflect these undocumented expenses.

Additionally, Plaintiff failed to comply with Local Rule 7.3(c), which states, in pertinent part, that Plaintiff's application for a bill of costs "must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts." Plaintiff attached an

affidavit listing the alleged costs sought. However, the application for a bill of costs was not submitted on the required form. Failing compliance, the Court is left to wonder whether the costs listed in the affidavit are the only ones sought by Plaintiff.

Substantively, Defendant argued that Plaintiff was not entitled to fees and costs because Plaintiff had not prevailed on the issue of coverage. Moreover, Defendant argued that, because Plaintiff's petition for declaratory relief and/or to compel appraisal sought only to have the court direct the parties to appraisal, such a determination did not qualify as a triggering event under Fla. Stat. § 626.9373. According to Plaintiff, it was the prevailing party because the Court granted the exact relief it had requested in the Complaint. Plaintiff argued that the judgment or decree triggering a claim for fees and costs does not require that the insured obtain a monetary recovery; rather, the question was whether the party obtained some right or benefit under the policy denied by the insurer, to wit: appraisal in this case. Section 626.9373, of the Florida Statutes, states in relevant part:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

Fla. Stat. § 626.9373. Here, Plaintiff has not obtained a judgment against Defendant. Rather, the Court ordered the parties to participate in appraisal regarding the amount of covered losses in controversy. The dispute is not over coverage.[7] See Federated Nat'l Ins. v. Esposito, 937 So.2d 199

---

[7]The cases relied upon by Plaintiff mostly involved a denial of coverage, which was not the issue in this case. In fact, in response to summary judgment, Plaintiff took the position that this was not a coverage dispute, but rather a dispute as to the amount of loss. Plaintiff's argument ultimately prevailed, thus defeating Defendant's summary judgment motion. Thus, Defendant argued that Plaintiff cannot now take a contrary position.

(Fla. 4th DCA 2006) ("no coverage dispute exists" in case where the insured could not "reach an agreement with the insurer on the value of the damages property). The appraisal process is to determine the amount of loss, and it has not concluded. The Court has not yet determined whether the damages claimed by Plaintiff are, in fact, covered by the policy. Until such determination is made, the request for a prevailing party fee award is premature.

Plaintiff conceded that its bill of costs was untimely filed. As such, the undersigned **RECOMMENDS** that same be **Denied**.

**Recommendation**

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Determination of Entitlement to Reasonable Attorney's Fees and Costs (ECF No. 44) be **DENIED**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144 (11th Cir. 1993); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this ___ day of August 2016.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
    All Counsel of Record